831 F.2d 297
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ellison SUMMERVILLE, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 86-1340.
 United States Court of Appeals, Sixth Circuit.
 Oct. 22, 1987.
 
 Before ENGEL and BOGGS, Circuit Judges; and DOUGLAS W. HILLMAN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Appellant, Ellison Summerville, sought disability benefits from the Social Security Administration for disability resulting from a lower back injury. The Secretary denied the benefits initially and after a hearing. Summerville appealed to the district court and again was denied benefits, and appealed the denial to this court. We affirm the denial of benefits.
 
 
 2
 Ellison Summerville filed his application on April 24, 1984. In it, he alleged that his lower back injury prevented him from performing his duties of a plate handler for a Detroit daily newspaper since May 1, 1983, when he became unemployed, and that he had not been employed since that date. His duties were heavy in nature and included pushing massive rolls of paper weighing as much as 1800 pounds to a machine printer, picking up paper, and driving a hi-lo truck. In his application, he also mentioned asthma and high blood pressure problems, but did not claim that they were disabling without reference to the back injury.
 
 
 3
 A diagnosis of disability was first made by Dr. Maitra, an orthopedic surgeon, who examined Summerville on June 16, 1983 and opined that the disability would last two weeks. A CAT scan performed in February 1984 suggested some nerve root involvement. Summerville reported pain upon straight leg raising to Maitra in 1983 and also when the tests were performed in 1984.
 
 
 4
 The diagnosis of disability was contradicted by Drs. Pollak and Sarkissian, both of whom examined Summerville in May 1984. Pollak, an orthopedic surgeon, ordered a CAT scan which showed diagnostically insignificant changes from normal. Sarkissian, an orthopedic surgeon, reported approximately the same spinal problems as Pollak. On or about May 10, 1985, after these physicians examined him, Summerville received an injection of chymopapain in his intervertebral disc between the fourth and fifth lumbar vertebrae. Dr. Allen James, a specialist in internal medicine, examined Summerville after the injection and reported elevated blood pressure readings, with minor end organ damages.
 
 
 5
 Subsequent radiological tests performed in November 1984 showed signs of a problem with an intervertebral disc between the fourth and fifth lumbar vertebrae, but were inconclusive as to the cause. Sarkissian examined appellant on January 3, 1985 and indicated that Summerville should begin a physical therapy program for his return to work.
 
 
 6
 Raymond Dulecki, a certified vocational counselor, testified at the hearing to the transferability of Summerville's paper and plate handling skills to hi-lo driving jobs at the light work level. The administrative law judge disregarded this testimony because he found that Summerville retained only a sedentary work capacity. Relying upon Rule 201.25, in Appendix 2, Subpart P to 20 C.F.R., which directs a finding of no disability for a younger individual with limited education and skilled or semi-skilled experience that is non-transferable, the administrative law judge determined that Summerville was not disabled.
 
 
 7
 In reviewing the evidence to support the Secretary's denial of benefits, we find that substantial evidence exists to support the determination of the Secretary to deny benefits in the testimony of Drs. Pollak and Sarkissian, and furthermore, that based on the medical evidence the administrative law judge properly discredited Summerville's complaints of subjective pain. Gist v. Secretary of Health and Human Services, 736 F.2d 352, 358 (6th Cir.1984).
 
 
 8
 The decision of the Secretary is AFFIRMED.
 
 
 
 *
 The Honorable Douglas W. Hillman, Chief Judge of the United States District Court for the Western District of Michigan, sitting by designation